[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on February 24, 1973 in Milford, Connecticut. They have resided continuously in this state since that time. There is one minor child issue of the marriage: Michael T. Regan, born June 5, 1979.
The evidence presented at trial has already established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-64 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The plaintiff is 43 years of age. She has an anxiety disorder with panic attacks. She is on daily medication and is under the care of a therapist.
The defendant is 52 years of age. The defendant has some emotional difficulties and is also under the care of a therapist.
The parties' 19 year old son lives at home and is employed part time. The minor child, Michael, is in his second year of high school.
The plaintiff worked throughout most of the marriage. The plaintiff has taken evening courses and has attended Butler Business School to enhance her skills. She is presently employed at the VA Hospital earning $11 per hour. In addition, she works part time at Shop Rite and does house cleaning. The plaintiff is attempting to deal with her disability through medication and counseling.
The defendant has worked in the supermarket business throughout the marriage and, as a matter of fact, since he was 16 years old. He presently works two jobs in two different supermarkets and does odd jobs on the side. The defendant has held two to three jobs at a time during the marriage in order to provide CT Page 9156 a better life for his family.
The defendant purchased a condominium for $65,000 in 1986 for investment purposes. The mortgage on the marital home was increased to provide the necessary funds for this purchase. The condominium has a present day value of $20,000 and is mortgage free. It is presently rented at $104 per week, less condominium fees of $17 and condominium taxes of $25 per week.
The other asset of the marriage is the marital home, valued at $149,000, and subject to a mortgage in the amount of $130,000.
The defendant also has pension and retirement benefits totaling approximately $32,220.
The plaintiff felt the defendant was unfaithful and was not supportive of her physical condition. The defendant felt the plaintiff was not communicative and never expressed her feelings.
No useful purpose would be served in reviewing all the evidence presented in this matter. The court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall enter:
Custody and Visitation
1. There shall be joint legal custody of the minor child, with physical custody to the plaintiff.
2. The defendant shall be entitled to reasonable, liberal and flexible visitation with the minor child.
Real Estate
1. The marital home located at 20 Point Beach Drive, Milford, Connecticut, shall remain in both names. The plaintiff shall have exclusive possession of the marital home.
2. In four years from date, the premises shall be listed for sale at a mutually agreeable listing price and said premises shall be sold.
3. Upon the sale of the premises, and after the payment of CT Page 9157 the real estate commission, usual closing costs, reasonable attorneys' fees and mortgage balance (including the equity loan), the plaintiff shall receive the first $12,000 of the net proceeds. The remaining net proceeds shall be divided 55% to the plaintiff and 45% to the defendant.
4. The defendant shall vacate the premises within 40 days of date, as the parties agreed. The plaintiff shall be responsible for the mortgages, taxes, utilities, and insurances commencing on the first day of the month following the defendant's vacating of the premises.
The plaintiff shall hold the defendant harmless from any liability in connection with said mortgages thereafter.
5. The defendant shall be responsible for the mortgages and utilities up until he vacates the martial home.
6. The court shall retain jurisdiction over any disputes occurring out of the sale of the real estate.
7. The plaintiff shall be entitled to the sole and exclusive use of the master bedroom.
8. The defendant shall remove the debris and junk from the premises within a reasonable period of time.
Alimony and Support
1. The defendant shall pay to the plaintiff the sum of $415 per week as unallocated alimony and support until the marital home is sold and during the time that the plaintiff resides in the marital home but not to exceed five years from date.
Commencing on the first Monday after the marital home has been sold, the defendant shall pay to the plaintiff the sum of $125 per week as alimony until the death of the defendant, the death of the plaintiff, or the plaintiff's remarriage or cohabitation as defined by statute.
2. Said unallocated award shall commence on the date the defendant vacates the marital home.
Condominium
CT Page 9158
The condominium located at 227 Waterville Street, Waterbury, Connecticut, shall remain the sole property of the defendant and the plaintiff shall have no claim thereto. The plaintiff shall forthwith execute a quitclaim deed transferring all her right, title and interest in said condominium to the defendant. The defendant shall be solely responsible for all condominium charges, taxes and insurance in connection with said condominium. The defendant shall be entitled to all rental income from said condominium.
Personal Property
1. The parties shall divide the personal property contained in the marital home as they shall agree.
2. In the event the parties are unable to agree on a division of the personal property, they are referred to Family Relations for mediation. If mediation is unsuccessful, the parties shall return to court for a hearing and orders thereon.
Other Property
1. The parties shall equally divide the income tax refund.
2. The 1990 Colt motor vehicle is awarded to the plaintiff.
3. The 1991 Mitsubishi truck and 1973 Lincoln motor vehicles are awarded to the defendant.
Debts
1. The defendant shall be responsible for the indebtedness owed to Colonial Bank, Visa, if still unpaid, and shall hold the plaintiff harmless.
2. The defendant shall be responsible for the UI bill and the remaining bills on his financial affidavit.
3. The plaintiff shall be responsible for the Sears bill and the remaining bills on her financial affidavit.
Retirement Accounts
1. The plaintiff shall be entitled to 50% of the defendant's 401(k) A P Retirement Program Savings Plan and Pension Account by CT Page 9159 way of a QDRO.
2. The defendant shall be entitled to his Grand Union Retirement Plan and the company funded Union Pension Fund in view of the award of lifetime alimony to the plaintiff.
Life Insurance
The defendant shall provide and maintain life insurance as is available through his employment with the plaintiff and the minor child named as irrevocable beneficiaries thereon, for so long as the defendant has an obligation for alimony and/or child support. This provision shall be modifiable. The defendant's financial affidavit indicates the defendant has a policy of one hundred thousand dollars ($100,000) at the present time.
Medical Insurance
The defendant shall maintain medical coverage as is available at his place of employment for the benefit of the minor child. Any unreimbursed and uncovered medical expenses shall be equally divided between the parties.
Dependency Exemption
The plaintiff shall be entitled to claim the minor child as a dependent for income tax purposes.
Counsel Fees
Each party shall be responsible for their respective counsel fees.
Coppeto, J.